(No. 3476—

MARY LEAVITT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1940.*

JOSEPH W. KOUCKY, for claimant.

JOHN E. CASSIDY, Attorney General; MAURICE J. WALSH, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On April 12, 1939, and for several years prior thereto, the claimant was in the employ of respondent at the Chicago State Hospital as a laundry worker. On the last mentioned date, while in the performance of her duties, her left hand was caught in a shirt press, whereby the dorsal surface of the left hand and the fingers thereof were burned.

Claimant was immediately taken to the institution hospital and treated by Dr. Scheffler, a member of the medical staff of the institution. She remained in the hospital from April 12th to May 9th, and returned to her regular duties on May 22d. She was paid her regular wages during the time she was incapacitated as aforesaid.

The medical testimony consists of the testimony of Dr. Albert C. Field who testified on behalf of the claimant, and Dr. Milton Scheffler who was called on behalf of respondent.

Upon a consideration of the facts in the record, we find as follows:

That on April 12, 1939 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on such date claimant sustained accidental injuries which arose out of and in the course of her employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the earnings of the claimant during the year preceding the accident were $972.00, and her average weekly wage was $18.70; that claimant at the time of the injury was fifty-nine (59) years of age; that all necessary first aid, medical, surgical and hospital services were provided by the respondent; that claimant was temporarily totally disabled from the date of her injury as aforesaid to May 22, 1939, to wit, for a period of five and three-sevenths weeks; that she also suffered the permanent loss of thirty-five per cent (35%) of the use of her left hand.

We further find that claimant is entitled to have and receive from the respondent the sum of Nine Dollars and Thirty-five Cents ($9.35) per week for a period of five and three-sevenths weeks for temporary total disability, in accordance with the provisions of Paragraph (b) of Section eight (8) of the Compensation Act, and the further sum of Nine Dollars and Thirty-five Cents ($9.35) per week for a period of fifty-nine and one-half (59½) weeks for the permanent loss of thirty-five per cent (35%) of the use of the left hand, in accordance with the provisions of Paragraph E-12 of Section eight (8) of such Act.

We further find that claimant has been paid the sum of One Hundred Two Dollars and Sixty Cents ($102.60) for nonproductive time which must be considered as the payment of compensation and deducted from the amount which she is entitled to have and receive as above set forth.

We further find that all of the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Mary Leavitt, for the sum of Five Hundred Dollars and Forty-eight Cents ($504.48).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided by the foregoing Acts.